IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDRE DOUGLAS                           :      CIVIL ACTION
                                        :
                                        :
        v.                              :
                                        :
GILBERT WALTERS, ET AL.                 :      NO.  02-CV-2862
                                        :

MEMORANDUM AND ORDER

Norma L. Shapiro, S.J.                              July 15, 2003

        Andre Douglas filed a petition for Writ of Habeas Corpus
following his state court conviction for robbery, criminal
conspiracy, and possession of an instrument of crime.  Magistrate
Judge Smith issued a Report and Recommendation ("R&R")
recommending the denial of some of Douglas' claims for relief and
an evidentiary hearing on others.  Douglas filed two objections
to the R&R: (1) In concluding that an evidentiary hearing was
necessary, Judge Smith applied an incorrect legal standard of
review to his claim for ineffective assistance of counsel based
on counsel's failure to present a particular witness; and (2)
Judge Smith was incorrect in denying his claim for ineffective
assistance of counsel based on counsel's failure timely to file a
motion to permit him to proceed *pro se*.

        Douglas subsequently moved to withdraw the claims for which
Judge Smith recommended an evidentiary hearing, including the
claim which forms his first objection to the R&R, (because the

witness would no longer be able to provide the necessary evidence).  In the May 29, 2003 Order granting the Motion to Withdraw Claims, the court marked the case closed.  Douglas filed a Motion for Relief from Judgment, because he meant only to withdraw the claims for which an evidentiary hearing was recommended, but not the remaining claim regarding counsel's failure to present his request to proceed *pro se*.

The court will grant Douglas' Motion for Relief from Judgment and reopen the case for the purpose of considering his remaining objection to the R&R.  However, because this objection lacks merit, the objection will be overruled and Douglas' Petition for Writ of Habeas Corpus will be denied.

In his R&R, Judge Smith found Douglas' claim for ineffective assistance of counsel based on counsel's failure to present his request to appear *pro se* was without merit, because following a conflict between Douglas and his trial counsel, counsel moved to withdraw but the court denied the request.  Therefore, a motion to permit Douglas to proceed *pro se* would have been in contravention of the court's direct order and would have been futile; it was not ineffective assistance.

Douglas objects to this finding and argues that regardless of the court's denial of counsel's motion to withdraw, it was unreasonable to refuse to move to allow Douglas to proceed *pro se* despite his explicit wish to do so.

Judge Smith's reasoning in the R&R is correct and Douglas'

objection lacks merit.  Since the court specifically denied counsel's motion to withdraw, it was not unreasonable for counsel to continue to proceed as counsel.  Douglas admits that counsel ultimately informed the court that Douglas wanted to proceed *pro se*, but the court denied petitioner's request.  Counsel's conduct in this situation was not ineffective in violation of Douglas' constitutional rights.

After Douglas withdrew his claims for which Judge Smith recommended an evidentiary hearing, the only remaining claim was found without merit.  This being Douglas' only remaining objection, it is overruled and the Petition for Writ of Habeas Corpus is **DENIED.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANDRE DOUGLAS                    :    CIVIL ACTION
                                 :
                                 :
        v.                       :
                                 :
GILBERT WALTERS, ET AL.          :    NO.  02-CV-2862
                                 :

<u>ORDER</u>

_____AND NOW, this ____ day of July, 2003, in accordance with the foregoing Memorandum, it is **ORDERED** that:

1.    Petitioner's Motion for Relief from Judgment (paper no. 39) is **GRANTED.**

2.    Judge Smith's Report and Recommendation is **APPROVED** and **ADOPTED.**

3.    Douglas' Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED.**

4.    There is no basis for the issuance of a certificate of appealability.

_____
Norma L. Shapiro, S.J.